UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY B. EAVES, <br><br>                     Plaintiff, <br><br> -against- <br><br> BETFAIR INTERACTIVE US LLC; FAN DUEL, INC; BETFAIR INTERACTIVE US LLC DBA FANDUEL SPORTSBOOK; VALLEY FORGE CONVENTION CENTER PARTNERS, LP, DBA VALLEY FORGE CASINO AND RESORT, <br><br>                     Defendants. | 24-CV-5951 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Pittsburgh, Pennsylvania, brings this action *pro se*. He invokes the Court's federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff asserts claims arising from online gaming and other gambling. For the following reasons, the Court transfers this action to the United States District Court for the Western District of Pennsylvania.[1]

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] Plaintiff recently brought a similar action in this district, which was also transferred to Pennsylvania. *See Eaves v. Belfair Interactive US LLC*, No. 1:24-CV-5951, 7 (S.D.N.Y. Aug. 6, 2024).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this suit against Defendants, indicating that Defendants are located in Pennsylvania (Valley Forge Convention Center Partner, LP), New York (Fan Duel, Inc.), California (Betfair Interactive US, LLC, and Fanduel Sportsbook), and Ireland (Flutter Entertainment PLC).

Venue does not appear to be proper in this district under Section 1391(b)(1), based on the residence of Defendants, because all defendants do not reside in the State in which this district is located, that is, New York. Venue also does not appear to be proper in this district under Section 1391(b)(2) based on the location where the claims arose. Plaintiff states that his claims arose in the "State of Pennsylvania, Superbowl LVII-Arizona." (ECF 1 at 6.)

Plaintiff resides in Pittsburgh, in Allegheny County, which is in the Western District of Pennsylvania. 28 U.S.C. § 118(c). Venue appears to be proper, under Section 1391(b)(2), in the Western District of Pennsylvania, where Plaintiff's claims arose.  Accordingly, the Court transfers this action to the United States District Court for the Western District of Pennsylvania. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 9, 2024
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge